UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

PATRICIO GUTIERREZ,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOES 1-5 (names and number of whom are
unknown at present), and other unidentified members of the
New York City Police Department),

                                Defendants.

**10 CV 8143 (LTS) (JCF)**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully operating a motor vehicle in the vicinity of Dyckman Street and Vermilyea Avenue, New York, New York, was subject to an improper car stop and was unlawfully searched and arrested by New York City police officers. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable search and arrest of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Patricio Gutierrez is a citizen of the United States and a resident of the Bronx, City and State of New York.

6. New York City Police Officers John Doe 1-5 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

7. Police Officers John Doe 1-5 are being sued in their individual capacity and official capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and

engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

10. On February 5, 2010 at approximately 12:00 a.m. or February 4, 2010 shortly before 12:00 a.m., plaintiff Patricio Gutierrez, a 31 year old male, was lawfully operating a motor vehicle in the vicinity of Dyckman Street and Vermilyea Avenue, New York, New York.

11. Plaintiff Patricio Gutierrez ate food at Mamajuana Café located at 247 Dyckman Street, New York, New York, and left the restaurant.

12. Upon leaving the restaurant, plaintiff Patricio Gutierrez got into a vehicle and began to drive.

13. As plaintiff Patricio Gutierrez approached the intersection of Dyckman Street and Vermilyea Avenue, he was pulled over by defendant Police Officers John Does 1-5 plaintiff's vehicle despite the fact that defendant Police Officers John Does 1-5 did not observe plaintiff violate any law.

14. Plaintiff Patricio Gutierrez asked defendant Police Officers John Does 1-5 why he had been pulled over, but they did not respond.

15. Defendant Police Officers John Does 1-5 then ordered plaintiff Patricio Gutierrez to get out of the vehicle.

16. Defendant Police Officers John Does 1-5 searched the entire vehicle, including the trunk without consent or probable cause.

17. When defendant Police Officers John Does 1-5 searched the trunk, they found a valid New Jersey Police parking placard.

18. Plaintiff Patricio Gutierrez explained to defendant Police Officers John Does 1-5 that the valid parking placard belonged to the owner of the vehicle, a New Jersey Police Officer, who loaned plaintiff Patricio Gutierrez the motor vehicle for the evening.

19. Despite knowing that the parking permit was valid and belonged to the owner of the vehicle, a New Jersey Police Officer, defendant Police Officers John Does 1-5 told plaintiff Patricio Gutierrez "someone has to get arrested."

20. Defendant Police Officers John Does 1-5 arrested plaintiff Patricio Gutierrez for Criminal Possession of a Forged Instrument.

21. Defendant Police Officers John Does 1-5 arrested plaintiff Patricio Gutierrez without probable cause.

22. Defendant Police Officers John Does 1-5 observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable arrest of plaintiff.

23. Defendant Police Officers John Does 1-5 searched plaintiff Patricio Gutierrez without probable cause.

24. Defendant Police Officers John Does 1-5 transported plaintiff Patricio Gutierrez to the 34th precinct for arrest processing.

25. Upon arrival at the 34th precinct plaintiff Patricio Gutierrez was photographed, fingerprinted, and placed in a holding cell.

26. While at the 34th precinct, defendants Police Officers John Doe 1-5 falsely communicated to the New York County District Attorney's Office that plaintiff was in possession of a forged instrument.

27. After many hours, plaintiff was transported to Manhattan Central Booking.

28. On February 5, 2010, the New York County District Attorney's Office declined to prosecute plaintiff and plaintiff was released.

29. Plaintiff was detained in New York City Police Department custody for approximately 24 hours before he was released.

30. The false arrest and false imprisonment of plaintiff by defendant Police Officers John Does 1-5 caused plaintiff to sustain psychological and emotional trauma, as well as caused plaintiff to miss two (2) days of work.

31. There is a policy, practice or custom within the New York City Police Department wherein New York City Police Officers arrest individuals for criminal possession of a forged instrument without confirming whether the alleged forged instrument is in fact fraudulent, as well as arresting individuals without determining whether the individual intended to use the alleged forged instrument to defraud.

32. As a result of defendant City of New York's deliberate indifference about the fact that New York City Police Officers routinely arrest individuals for criminal possession

of a forged instrument when the instrument is in fact valid and when an individual had no intent to use the alleged forged instrument to defraud, there is a pattern, policy, custom or practice of New York City Police Officers arresting individuals for criminal possession of a forged instrument without probable cause.

33. A notice of claim was timely served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

34. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein.

35. Defendant Police Officers John Does 1-5 who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest

36. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

38. Defendant Police Officers John Does 1-5 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

40. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendant Police Officers John Does 1-5, individuals who were unfit for the performance of police duties on February 5, 2010, at the aforementioned location.

43.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

44.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

46.     Defendants failed to intervene to prevent the unlawful conduct described herein.

47.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

48.     Defendant Police Officers John Does 1-5 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

49.     The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior

50.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Negligence

51. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52. Defendants owed a duty of care to plaintiff.

53. Defendants breached that duty of care by falsely arresting plaintiff.

54. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

55. All of the foregoing occurred without any fault or provocation by plaintiff.

56. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

57. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

58. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59. By the actions described herein, defendant Police Officers John Does 1-5, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Patricio Gutierrez. The acts and conduct of the defendants were

the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

61. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

62. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

63. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to, arresting individuals for criminal possession of a forged instrument when the instrument is in fact valid and when an individual had no intent to use the alleged forged instrument to defraud, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

66. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested.

70. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## JURY DEMAND

71.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Patricio Gutierrez shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.     That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.     That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:     New York, New York
           October 27, 2010

By: _____
STUART E. JACOBS
JACOBS & HAZAN, LLP
Attorney for Plaintiff
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 419-0363